Dennis, Administrator, *v.* Holsapple.

---

## DENNIS, ADMINISTRATOR, *v.* HOLSAPPLE.

[No. 18,299.   Filed September 16, 1897.]

WILLS.—*Name of Beneficiary.*—It is not essentially necessary that the testator, in his will, name the legatee or devisee, in order to give effect to the bequest; it is sufficient if the beneficiary is so described therein as to be ascertained and identified. *p. 301.*

SAME.—*When Beneficiary Not Named in Will.—Parol Evidence.*— Where a testatrix devised all of her property to whoever should, at her request, take care of her, providing that the person so selected should have a written statement to that effect, signed by the testatrix, such will is not invalid on account of failure to name a devisee, and a letter written by testatrix to her granddaughter after the execution of the will, telling her that she was sick and requesting her to come and take care of her, informing her that she had made her will and that it was her desire that she should have all of her estate, was admissible in evidence for the purpose of identifying the devisee. *pp. 298–305.*

From the Washington Circuit Court.   *Affirmed.*

*Harvey Morris* and *Alspaugh & Lawler*, for appellant.

*John A. Zaring* and *M. B. Hottel*, for appellee.

JORDAN, J.—This was a proceeding in the lower court by the appellee, Ella Holsapple, to secure a construction of the last will of Emily J. Shull, deceased, and to obtain an order directing the appellant, the administrator, to turn over to the former certain property to which she claimed to be entitled as a devisee under the will in question. She prevailed in the action and obtained the relief demanded. Prior to the institution of this proceeding the will had been duly probated, and appellant appointed as administrator of the estate with the will annexed. The errors assigned are based upon the sufficiency of the complaint upon demurrer, and overruling appellant's motion for a new trial. The will over which the controversy arose was duly executed by Emily J. Shull on April 9, 1889, and was probated in the circuit court of Washington county, Indiana, January 7, 1896, in which county the testatrix resided and died. The will, omitting the attesting clause, is as follows:

"The following is the last will and testament of Emily J. Shull, of Salem, Indiana, to-wit: So far as my property which I leave at my death is concerned, I declare the following to be my desire and will: 1. Any valid debts due from me at my death shall be paid. 2. I command that my funeral at my death shall be decent and rendered in a proper manner. 3. Also I direct my executor to erect at my grave a proper monument not to cost less than seventy-five dollars ($75.00). 4. Whoever shall take good care of me and maintain. nurse, clothe, and furnish me with proper medical treatment at my request, during the time of my life yet, when I shall need the same, shall have all of my property of every name, kind, and description left at my death. 5. The person, or persons, whom shall be selected by me to earn my estate, as provided in 4th clause, shall have a written statement signed by me

to that effect to entitle her, him, or them to my estate.    6. Samuel B. Voyles of Salem is nominated for my executor of this will."

On January 6, 1895, the testatrix wrote and sent the following letter to the appellee: "Well, Ella, I am sick; I want you to come and stay with me.    I don't think I can live many weeks; if you don't come I will try and get some of Lina Clark's to stay.    If you don't come you will rue it.    I have made my will, and whoever stays with me at my last hours gets everything I leave, except funeral expenses paid.    I don't want your father or the Shulls to have a cent of my earnings, and want you to have everything I have after my death and funeral expenses are paid.    Don't fail to come."

This letter, together with the will, upon the trial, over appellant's objections was admitted in evidence. There is no controversy over the facts.    Among other things it was admitted by the parties upon the trial, that appellee was the granddaughter of the testatrix and the person to whom the letter above set out was addressed.    That she received the same and in response to the request therein, she came and remained with Mrs. Schull, waited upon, and took care of her until she died.    The contention, substantially, of appellant's learned counsel is: (1) That the will is invalid for the reason that it does not name any devisee; (2) that the testatrix undertook by her pretended will to reserve to herself the right or power to name the beneficiary by the written statement mentioned in the will, and which was written after the execution thereof.    They further insist that the person to whom Mrs. Schull attempted to bequeath her estate is not made certain by the will, and that the latter does not furnish the means by which a devisee can be identified.

For any and all of these reasons they insist that,

under the law, the will is void and the court erred in admitting it and the letter in question in evidence, and in hearing evidence to identify appellee as the beneficiary under the will.

We concur with the contention of counsel for appellant, that a testator, under the law, is not authorized or invested with the power of reserving in his will the right to name or appoint a legatee or devisee by means of a written statement, or instrument of the character or kind as is the letter heretofore referred to and set out in this opinion. Neither are courts permitted to receive extrinsic evidence in order to add to, vary, or change the literal meaning of the terms of a will, or to give effect to what may be supposed or presumed to have been the unexpressed intention of the testator. However, it is a well affirmed legal principle, that a will may be explained by such evidence—*first*, as to the person intended; *second*, the thing intended; *third*, the intention of the testator, as to each, when the employment of such evidence does not result in making more or less of the will than its terms import. Or, in other words, the law never opens the door to parol evidence in order to add to or take from such instruments, but for the legitimate purpose only of applying their terms or provisions to the objects or subjects therein referred to, and in order to reach a correct interpretation of such language or terms as are therein expressed. *Grimes' Executors* v. *Harmon*, 35 Ind. 198, 9 Am. Rep. 690; *Daugherty* v. *Rogers*, 119 Ind. 254; *Sturgis* v. *Work*, 122 Ind. 134; *Hartwig* v. *Schiefer*, 147 Ind. 64.

Courts, however, in the main, entertain great respect for the will of those who are dead, and it is always their earnest desire to carry into effect the terms and provisions thereof, and it is only when the instrument violates, or is not in accord with the well settled

rules of law, or is utterly uncertain, that the carrying out of the disposition of the estate thereunder is denied. The authorities fully affirm the rule that it is not essentially necessary that the testator, in his will, name the legatee or devisee, in order to give effect to the bequest. It is sufficient, if he is so described therein as to be ascertained and identified. 1 Redfield on Wills, p. 274; see Schouler on Wills, sections 573, 584, 585, 586, 592, and 593; Beach on Wills, p. 148, section 83; *Cheney* v. *Selman*, 71 Ga. 384; *Hart* v. *Marks*, 4 Bradford's Reports (N. Y.) 161; *Stubbs* v. *Sargon*, 2 Keen (Eng. Ch.) 255; 14 Eng. Ch. Reports, 507. Extrinsic evidence, however, in such cases does not create the devisee or legatee, but only serves to point out the person intended as such by the testator in his will.

In *Hart* v. *Marks, supra*, in course of the opinion, it is said: "Parol proof may always be used to apply the will—that is, to ascertain the person intended by the testator, by a description.  *  *  *  It is entirely competent to point out by proof the person who answers the description of a legatee, as contained in the will." The will involved in the case of *Stubbs* v. *Sargon, supra*, devised certain freehold estates to trustees, the annual income of which was to be paid to the sister of the devisor, during the life of the former, and after her death to dispose of the estate to the partners of the testatrix who should be in partnership with her at the time of her death, or to whom she might have disposed of her business. The court held in that appeal that this was a good devise to the persons to whom it was ascertained, that the testatrix had disposed of her business, in her lifetime.

In 1 Redfield on Wills, p. 275, the learned author in his comments upon this decision says: "This was regarded as nothing more than a description of the leg-

atee, instead of naming him, and we suppose the right to do that was never questioned. And whether the legatee were to be ascertained, at the date of the will, or at the death of the testator, or upon the determination of an intervening estate, which should only begin at the decease of the testator, has never been considered material. One may give real or personal estate to his wife, to the children of his brother, or to the next of kin of the testator, after the decease of all his lineal descendants, and in all of these cases, and in many others, the devise may be so expressed as to raise a serious question, not only in regard to the identity of the persons, which may be ascertained by resort to extraneous evidence; but also, as to the period at which the description of persons, or classes, is to be applied, and this must be removed by legal construction. But we had never supposed any doubt could exist in regard to the complete disposition of the property under such a devise."

In the light of the principles declared and supported by the authorities to which we have referred, and others of a like import, we may proceed to consider and determine the question involved under the will in controversy. An examination of its terms and provisions discloses that the evident intent and purpose of the testatrix thereunder, was to make at her death, the object of her bounty, the person who, at her request, should take good care of her, and provide for and administer to her wants and necessities as therein provided. The manifest purpose of the provision embraced in clause 5, when construed in connection with clause 4, was to fix or declare what should be the requisite proof of the fact that the person who performed the required services and complied with the conditions imposed by clause 4, had been selected and requested to do so by the testatrix. The written state-

ment, as mentioned, was to be the evidence of such fact. The provision of clause 5 cannot be considered as a reservation to appoint, in the future, under the written statement referred to, the person who was to take the property bequeathed. The statement or request signed and sent to appellee by Mrs. Shull, in pursuance of this provision in her will, was not testamentary. No one was appointed thereby to take the estate devised. It simply advised appellee of the provisions made by the will, and requested her to come and stay with the testatrix, and could be employed, only as it was upon the trial to aid in the identification of the person described, and declared in the will to be entitled to the bequest. The will, although not skillfully drawn, nevertheless, we think, made a complete disposition of all of Mrs. Shull's estate. It is true, as insisted, that it did not name any particular person as devisee, nor was there anyone at the time of its execution who occupied the *status*, or answered to the beneficiary therein described; still, however, it so designated the person whom the testatrix contemplated and intended should have the estate bequeathed, that he or she, by the means thereof, at her death could be clearly identified and ascertained by the aid of extraneous facts. It was at least in this respect sufficiently certain as to fall within the principle of the ancient maxim of the law: *id certum est quod certum reddi potest.*

The testatrix substantially declared therein, that whoever, at her request, performed the services exacted thereunder, and complied with the conditions imposed, should have all of her property of "every name, kind, and description," and further provided that the person selected by her to serve as mentioned should have the statement referred to in clause 5. These facts were the standard or test by which the beneficiary was to be determined. In the search to

ascertain the person entitled to the property according to the terms of the instrument, it was legitimate to prove all facts referred to in the will, going to identify such person. 7 Am. & Eng. Ency. of Law, p. 93. The will is not in the condition it would be, had the name of the devisee been entirely blank with no sufficient terms or provisions therein descriptive of the beneficiary intended. Under such circumstances parol evidence could not be invoked, and the will would be void in this respect for uncertainty.

Appellee is the only one who claims, under the will, the property devised. The evidence, together with the agreement of the parties, conclusively shows that she, at the time of the death of the testatrix, occupied the *status*, and in all respects responded to the person described, to whom Mrs. Shull intended her estate to go; while the insistence of appellant's counsel may be conceded, that, in making her will, Mrs. Shull left the person whom she thereby intended to become the object of her bequest to depend, in a sense, upon the happening of future events. This person, it is true, depended upon the future volition of the testatrix in being chosen to perform the exacted services, and upon the consent of the latter in accepting the request, and in discharging the obligation imposed by the will; but the subsequent volition exercised by Mrs. Shull in this respect cannot be deemed or considered in a legal sense as testamentary in its nature or character. It is no more so than had she been a *feme sole* at the time she executed her will, and thereby devised her estate to her surviving husband. To illustrate: An unmarried man may make a valid bequest to his wife and children, although he has neither at the execution of the will. If, however, he leaves surviving him either a widow, or children, at his decease, she or they, as the case may be, would take under the will, though not

sustaining that relation to him at the date of its execution. That this would be the result, under such a will, it is said in a footnote in 1 Redfield on Wills, p. 276, has never been questioned, although the person who became the wife of the testator, depended, in a sense, upon the future will of the testator in making the selection, and also upon the consent of the person who became his wife. Without further extending this opinion we sustain the validity of the will in dispute, and, under the circumstances of the case, the court did not err in admitting in evidence the letter or statement in question, nor in admitting the other facts to prove that appellee was the person who at the request of the testatrix discharged the obligations imposed by the will. The complaint was sufficient for the relief demanded, and the demurrer thereto was properly overruled, and also the motion for a new trial.

Judgment affirmed.