MARIE L. Z. E. GAFF *vs.* KINAHAN CORNWALLIS, executor, & another.

Bristol. October 26, 1914. — November 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Devise and Legacy. Equity Jurisdiction,* To compel executor to deliver property bequeathed. *Executor and Administrator. Interest. Words,* "Drawer," "Contents."

A testatrix by her will gave to a cousin certain "silver ware . . . in the safe of the" M bank, and "the contents, if any, of a drawer in said safe," and gave the residue of her estate to her executor. On a refusal of the executor to deliver to the cousin certain specified property claimed by the cousin as the contents of the "drawer in said safe," the cousin brought a bill in equity in the Probate Court to compel him to do so, at a hearing of which by a single justice of this court on an appeal by the defendant from a decree for the plaintiff in the Probate Court, the single

justice found that the property described was all in a box in the safe deposit vault of the M bank at the time of the death of the testatrix, which box the testatrix had intended to refer to by the words "drawer in said safe"; and, on appeal to the full court, the evidence all being reported, these findings were sustained.

A testatrix by her will gave to a cousin, besides certain real estate, silverware, jewelry, bric-a-brac, furniture, books and personal belongings, the "contents" of a certain safe deposit box. In the box at the time of her death were found the will and a codicil, a savings bank book standing in the name of the testatrix as trustee for her husband, another standing in her name as trustee for the cousin, and two others standing in her name as trustee for two other persons, certificates of shares of capital stock of a corporation, a mortgage of real estate and the note secured by the mortgage. The will contained specific bequests of the bank books standing in the name of the husband and the cousin to them respectively. By a codicil to her will the testatrix stated that the other savings bank books never had been delivered to the persons who were named therein as beneficiaries but still were to be treated as a part of her estate. The residue of her estate she gave to her executor. *Held,* that it was the intention of the testatrix to give to the cousin the property represented by the two bank books other than those specifically bequeathed, the certificates of stock and the mortgage and mortgage note.

BILL IN EQUITY, filed in the Probate Court for the County of Bristol on July 21, 1911, seeking to have the defendant Cornwallis, as executor of the will of Lucy Ellis Tisdale, late of New Bedford, ordered to deliver to the plaintiff the property hereinafter described on the ground that it constituted "the contents, if any, of a drawer in said safe," which were given to her in a clause of the will set out in the opinion.

The property was as follows: A bank book numbered 127890 for $1,093, in the New Bedford Institution for Savings, standing in the name of said testatrix, in trust for Olivia H. Walker; a bank book numbered 121982 for $1,393, in the New Bedford Institution for Savings, standing in the name of said testatrix, in trust for Caroline Bartlett Eustis; two certificates, one for ten shares, the other for ninety shares of the capital stock of the Fibre Bottle Company; a mortgage of real estate, and the note accompanying the same, in the principal sum of $4,000, given by the defendant John Kennard to said testatrix, dated March 5, 1906, and recorded in Plymouth County Registry of Deeds, book 936, page 224. The defendant executor admitted that he had withdrawn and taken possession of the deposits in the New Bedford Institution for Savings above described, amounting to $2,486.

The suit was heard in the Probate Court by *Alger,* J., who found that the "drawer in said safe," referred to by the testa-

trix in the second clause of the will, "was one of the safety deposit boxes or drawers" in the vault of the Merchants Bank in New Bedford, and as to the contents of that drawer found as follows: "At the time of the death of the testatrix, the contents of the drawer in the safe consisted of the will and codicil, a savings bank book in the name of the testatrix as trustee for Thomas T. Gaff, the plaintiff's husband, which is specifically bequeathed by the will to him, and has been delivered to him by the executor; a savings bank book in the name of the testatrix as trustee for the plaintiff, which is specifically bequeathed by the will to the plaintiff, and has been delivered to her by the executor; and the certificates of stock, two savings bank books, and real estate mortgage which are in controversy. The mortgage note was not in the drawer but in the hands of the cashier of the bank, now deceased; he held it for the testatrix, and delivered it to the executor upon his appointment and qualification. The testatrix owned the mortgage at the time of the execution of her will and it was not overdue at the time of her death."

The judge of the Probate Court ruled "that the bequest to the plaintiff of the contents of the drawer in the safe, which contained the mortgage, must be treated as a bequest of the indebtedness secured by the mortgage and mortgage note," and that the defendant must transfer those securities to the plaintiff; and accordingly he made a decree directing the defendant to deliver to the plaintiff the shares of stock, the mortgage and the mortgage note and all sums which he had received as dividends upon the stock and as interest upon the mortgage note and the sum of $2,486 which he had withdrawn from the savings bank, with interest at six per cent on the sum so withdrawn from September 9, 1910.

On appeal to this court, the suit was heard by *Sheldon,* J., and the evidence was taken by a commissioner. The single justice reversed the finding of the judge of the Probate Court that the mortgage note was not in the "drawer" at the time of the death of the testatrix, modified the decree as stated in the last paragraph of the opinion, and in all other respects affirmed that court's findings and decree. The defendant appealed.

*K. Cornwallis* (of New York), executor, *pro se.*

*E. C. Jenney,* for the plaintiff.

DE COURCY, J. In the second clause of the will of Lucy Ellis

Tisdale, the defendant's testatrix, is the following provision: "To my cousin, Marie Louise Zaidee Ellis Gaff, wife of Thomas T. Gaff, of Barnstable, Massachusetts, all my real estate at or about Glen Charlie, in the town of Wareham, and above Glen Charlie, if any there be, and any and all real estate of whatever nature or description that I may own in Plymouth, Massachusetts. I also give to her my silver pitcher, my large plated silver waiter, all jewelry and bric-a-brac except as hereinafter specifically devised, my wardrobe, cedar chests and contents, furniture and books, all silver ware now with said plated waiter in the safe of the Merchants Bank in New Bedford, Massachusetts; the contents, if any, of a drawer in said safe. I also give to her the bank book in the New Bedford Institution for Savings in my name as trustee for her, and all money represented thereby, as and for her absolute property." The residue of the estate, after the payment of all the legacies, was given to the defendant Cornwallis. By a codicil, dated December 20, 1909, she provided: "Fourth: There is a deposit in the New Bedford Institution for Savings in New Bedford, Massachusetts, evidenced by book numbered 121982, in my name, in trust for Caroline Bartlett Eustis; and also a deposit in said institution for savings evidenced by book numbered 127890, in my name, in trust for Olivia H. Walker. These books have never been delivered by me to either said Eustis or said Walker, and are my sole and absolute property, and in the event of my death form a part of my estate and are to be administered upon as set forth in my will and this codicil." The will is dated April 23, 1908. The testatrix died in June, 1910.

The single justice before whom the case was tried on appeal made certain findings of fact. He found that by the "drawer in said safe," referred to in the second clause of her will, the testatrix meant the box or drawer in the safe deposit vault of the Merchants Bank, hired by her; and that at the time of her death this box or drawer contained the property which is in controversy. By the long established rule these findings, made by the trial judge who saw and heard the witnesses, must stand, as we cannot say, after an examination of the evidence, that they are plainly wrong. *Wier* v. *American Locomotive Co.* 215 Mass. 303. Of course we cannot consider the statements of alleged facts in the voluminous brief of the defendant that do not appear in the record.

It seems clear that by the bequest of the "contents" of this safe deposit drawer or box the testatrix intended to give to the plaintiff the property in question. This place of security was under the sole control of the testatrix. She alone knew what valuable papers she had deposited or intended to deposit therein. Her language, by its plain meaning, embraced whatever securities and property she might have in the box at the time of her death, except such as were otherwise disposed of by the will, or from their nature would not be the subject of a devise or bequest. 1 Underhill on Wills, § 316. *Richmond* v. *Vanhook*, 3 Ired. Eq. 581. See *Parrott* v. *Avery*, 159 Mass. 594. We have not here the uncertainty which sometimes attaches to bequests of personal property that is described only by location. See Wms. Ex. (10th ed.) 1179; 40 Cyc. 1551.

Whether all of the things contained in the receptacle or only specially designated articles therein will pass by such a bequest will depend upon the intention of the testator as manifested by the words he uses. Evidently Lucy E. Tisdale did not intend by the bequest under consideration to affect the bank book of the petitioner or that of her husband, both of which had been specifically bequeathed by the will and are not in dispute. But it seems clear, and the single justice rightly ruled, that by the bequest of the contents of the safe deposit box the testatrix intended that the plaintiff should become entitled to the Kennard mortgage and note, the Fibre Bottle Company stock and the two bank books which were declared by the codicil to be a part of her estate, — in other words, to all the property in controversy. *In re Robson*, [1891] 2 Ch. 559. See *Martin* v. *Smith*, 124 Mass. 111; *Dole* v. *Johnson*, 3 Allen, 364.

The right of the plaintiff to bring this bill in equity to recover the amount of her legacy need not be considered, as it appears from the finding of the court that the defendant expressly waived the objection that the bill was prematurely brought, or that the plaintiff had an adequate remedy at law or by petition on the probate side of the court.

The single justice properly modified the decree of the Probate Court by charging the defendant with interest on the amount withdrawn by him from the New Bedford Institution for Savings from the date when he withdrew the same, that is, October 17, 1910, instead of from September 9, 1910.

*Decree affirmed with costs.*