ANNA LEAR, in Equity, *vs.* HARRY MANSER, Executor, et als.

Androscoggin. Opinion January 3, 1916.

*Beneficiary.*       *Bill in Equity.*       *Legacy.*       *Private Trust.*
               *Testator's Intention.*    *Trust.*    *Will.*

John M. Marr died May 3, 1913, leaving a will, dated December 19, 1911, which has been duly probated, containing the following provisions:

"Second. I give and bequeath all the rest, residue and remainder of my estate of whatever name and nature to my said executor in trust, to be paid by him to such person or persons, or institution as shall care for me in my last sickness, such payment to be made to the person or persons or institution, or any or all of them, as may in the discretion of my said executor be equitably entitled thereto, and the payment by my said executor and receipt taken by him therefor shall be sufficient voucher and discharge to him under the provisions of this item. This provision of my will is to be considered a legacy or bequest and not as the performance of any contract obligation on my part."

At the time the will was executed the testator was an elderly man, having no nearer relatives than nieces. He came to the home of Mrs. Mary M. Bradbury of Lewiston, October 16, 1911, and secured board there for himself at $4.00 per week. He lived there under that arrangement, paying his board, except for the last week or two, until his death, a period of nineteen months. Mrs. Bradbury cared for him in his last sickness. She was informed of the will after his death, and now claims the residue of his estate under the provisions of the second item thereof.

The plaintiff is one of the testator's nieces. She claims that the residue of the estate should be paid by the executor to the heirs at law of the testator. Her claim is put on the ground that the beneficiary of the residue of the estate is not sufficiently specified and designated so that the trust can be carried out.

*Held:*

1. To constitute a private trust the cestui que trust must either be clearly identified or made capable of identification by the terms of the instrument creating the trust.

2. But it is not required that the beneficiary of a private trust should be designated by name in the instrument creating the trust. Some other designation will suffice if it makes certain the beneficiary intended.

3. The instrument creating the trust in the case at bar contains a specific designation by which the cestui que trust was to be identified.

4. The meaning of the words "care for me in my last sickness" is not uncertain. What particular person or persons or institution did furnish that care is a provable fact, and in our view, readily provable. Indeed, it is established with certainty that Mrs. Bradbury is the person who cared for the testator in his last sickness.

5. In the opinion of the court, the beneficiary of the testator's bequest made in the second item of his will, although not identified therein by name, is sufficiently described there to be capable of identification with certainty, and that the trust therein created is a valid trust and should be carried out.

6. It follows from this conclusion and from the fact established by the evidence that Mrs. Mary M. Bradbury of Lewiston is the person who cared for the testator in his last sickness, that the property held by the executor in trust under the provisions of item second of the will is to be paid by the executor to her as the sole beneficiary of that trust.

On report. The property held by the executor in trust under the provisions of item second of the will is to be paid by the executor to Mary M. Bradbury as the sole beneficiary of that trust. Accordingly a decree may be entered to that effect. So ordered.

This is a bill in equity brought by Anna Lear praying for the construction of the second clause of the will of John M. Marr, late of Lewiston, deceased. It is the contention of said Anna Lear that this bequest is void. At the conclusion of the evidence, this case, by agreement of parties, was reported to the Law Court for its determination.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Harry Manser,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

KING, J. John M. Marr died May 3, 1913, leaving a will, dated December 19, 1911, which has been duly probated, containing the following provisions:

"Second. I give and bequeath all the rest, residue and remainder of my estate of whatever name and nature to my said executor, in trust, to be paid by him to such person or persons, or to such institution as shall care for me in my last sickness, such payment to be made to the person or persons, or institution, or any or all of them

as may in the discretion of my said executor be equitably entitled thereto, and the payment by my said executor and receipt taken by him therefor shall be a sufficient voucher and discharge to him under the provisions of this item. This provision of my will is to be considered a legacy or bequest and not as the performance of any contract obligation on my part."

At the time the will was executed the testator was an elderly man, having no nearer relatives than nieces. He came to the home of Mrs. Mary M. Bradbury of Lewiston, October 15, 1911, and secured board there for himself at $4.00 per week. He lived there under that arrangement, paying his board except for the last week or two, until his death, a period of nineteen months. Mrs. Bradbury cared for him in his last sickness. She was informed of the will after his death, and now claims the residue of his estate under the provisions of the second item thereof.

The plaintiff is one of the testator's nieces. She claims that the residue of the estate should be paid by the executor to the heirs at law of the testator. Her claim is put on the ground that the beneficiary of the residue of the estate, which the testator gave to the executor in trust, is not sufficiently specified and designated so that the trust can be carried out. That is the question presented by this bill in equity, which is before the Law Court on report.

It is an undoubted principle that the intention of a testator shall be effectuated if it can be consistently with the rules of law. There can be no question in this case as to the testator's intention in making the bequest in item second of his will. It was that the person or persons or institution that should care for him in his last sickness should have the residue of his estate. Can that intention be effectuated consistently with the rules of law? We think it can be. By the provisions of item second of his will the testator created an express trust. It is not a public or charitable trust, for it does not purport to be for the benefit of the public at large, or some part thereof, or an indefinite class of persons. Is it a valid private trust? To constitute a private trust there must be not only a certain trustee who holds the legal estate, but also "a certain specified cestui que trust clearly identified or made capable of identification by the terms of the instrument creating the trust." Pom. Eq. Jur. Sec. 1018.

And that is a well settled principle. But it is not required that the beneficiary of a private trust should be designated by name in the instrument creating the trust. Some other designation will suffice if it makes certain the beneficiary intended. Nor is it essential that the testator have in mind the particular individual upon whom his bounty may fall. If he makes the particular object of his bequest ascertainable with certainty that will be sufficient. Gifts in trust for a specified class of persons, or for persons specifically defined and described, through not named, are not void for uncertainty in respect to the beneficiaries, because such beneficiaries are capable of identification by the terms of the instrument creating the trust. For example, in *Howard* v. *Am. Peace Society,* 49 Maine, 288, a bequest to the Congregational minister of the Congregational Society of the town of Auburn was effectuated, although no one was holding that position when the will was executed. The court there said that, since no one then held that position, the testator could not be supposed to have had in mind any particular individual, and that the provision had respect to a time then future when there should be a minister of that society. That person being identified by proof was held entitled to take under the will.

In the case at bar the testator did not identify by name the beneficiary of his bequest. But did he not by the terms of his will make his intended beneficiary capable of identification with certainty? That is the precise question here involved. The beneficiary intended was to be "such person or persons or institution as shall care for me in my last sickness." That was the specific description by which the cestui que trust was to be identified. The provision had respect to the then future when there would be some person or persons or institution that had cared for the testator in his last sickness. No one can doubt what is the meaning of the words "care for me in my last sickness." What particular person or persons or institution did furnish that care is a provable fact, and, in our view, readily provable. Indeed, it is established with entire certainty that Mrs. Bradbury is the person who cared for the testator in his last sickness. No one else claims to have done so.

The plaintiff cites and relies upon the case of *Murdock* v. *Bridges,* 91 Maine, 124, in support of her contention. In that case the donor

by a non-testamentary writing gave her property to W. E. Murdock in trust to pay her debts and then provide for her husband during the rest of his life and pay his debts, and after his death "the balance shall go to the people who have cared for me, as W. E. Murdock shall think best." The court there held that the provision respecting the balance of the trust property could not be carried out for want of certainty as to the beneficiaries, it being a pure benevolence and not a charity.

It is readily perceived that the language used in the instrument creating the trust in that case does not make the cestui que trust capable of identification. The donor there attempted to confer upon W. E. Murdock a power to select the cestui que trust from "the people who have cared for me," and as he "shall think best." That was a personal power resting in the will of a particular individual. And, as the court there said, it "would have perished with the person." It was, therefore, an attempt to create a trust that the court could not execute should occasion require. Moreover, the expression there used, "the people who have cared for me," is most indefinite and unlimited. No particular care is described, nor is any portion of the donor's life mentioned as the time to which the care referred to related. And the class from which the selection was to be made included all persons who cared for the donor at any time during her life. Manifestly such a description of the distributees of a trust fund is too uncertain.

In the case at bar, however, no such uncertainty exists. Here, the testator made no attempt to confer on his executor any power to select the cestui que trust. He made his own selection. In his will he defined and described his intended beneficiary to be "such person or persons or institution as shall care for me *in my last sickness.*" He thereby prescribed a rule whereby his beneficiary could be identified with certainty. That trust, in the event of the death of the trustee, would not perish with him. It could be executed by another trustee appointed by the court if necessary, for the duty imposed upon the trustee, and the discretion given to him in the exercise of that duty, are imperative and not optional, they were intended by the testator to be executed at all events. *Cutter* v. *Burrows,* 100 Maine, 379. This case therefore is plainly distinguishable from

that of *Murdock* v. *Bridges*. For a case very similar to the one at bar, see *Dennis* v. *Holsapple,* 148 Ind., *297,* where it was held that the beneficiary, though not named, was capable of identification by the language of the will, and the trust was effectuated.

It is the opinion of the court in the case at bar that the beneficiary of the testator's bequest made in the second item of his will, although not identified by name, is sufficiently described therein to be capable of identification with certainty, and, therefore, that the trust therein created is valid and operative, and should be carried out.

It follows from this conclusion and from the fact established by the evidence that Mary M. Bradbury of Lewiston is the person who cared for the testator in his last sickness, that the property held by the executor in trust under the provisions of item second of the will is to be paid by the executor to said Mary M. Bradbury as the sole beneficiary of that trust. Accordingly a decree may be entered to that effect.

*So ordered.*