## Stump's Estate.

*Wills—Bequest—Nursing of testator.*

1. Where a bequest of the residue of an estate amounting to $1529.80 is "unto the person or persons who shall nurse me through my last illness," the persons who identify themselves as having nursed the decedent during her last illness of ten days are entitled to the fund in equal shares.

2. It is not essentially necessary that a testator in his will name the legatee or devisee in order to give effect to the bequest. It is sufficient if he is so described therein as to be ascertained and identified.

3. In such a case, it is the duty of the court to interpret the meaning of the written words employed, and not, under the guise of construction or under general powers of equity, to assume to correct or redraft the will in which the testator has expressed his intentions.

Adjudication.   O. C. Berks Co., June T., 1923, No. 62.

*Charles K. Derr*, for accountant.

*Thomas K. Leidy*, for Kate A. Wolf and Sarah A. Gibble.

*Adam B. Rieser*, for Esther Brown.

SCHAEFFER, P. J., July 14, 1923.—With respect to the distribution the question arises: Who is entitled to the balance of this fund after the payment of the debts? The testatrix devised the residue of her property in the following manner:

"Item. I order and direct that my Executor shall convert all my property into money by selling same either at Public or Private sale, and after all the foregoing Orders & Bequests are complied with, the balance remaining I give and bequeath unto the person or persons who shall nurse me through my last sickness."

When the account was called for adjudication, Kate A. Wolf and Sarah A. Gibble appeared and demanded the residue as the persons who filled the description in the will. The objection was made by the heirs that the persons do not answer the requirements of the will, because the nursing done in this case does not come within the meaning and intent of the language in the will.

The rule is well settled that it is not essentially necessary that a testator

in his will name the legatee or devisee in order to give effect to the bequest. It is sufficient if he is so described therein as to be ascertained and identified. This rule was recognized and approved again by our Supreme Court in the recent case of Reinheimer's Estate, 265 Pa. 185, which was an appeal from this court, wherein Mr. Justice Kephart said, at page 189: "The court must find its meaning, if there is one, and not, under guise of a construction or under general powers of equity, to assume to correct or redraft the will, in which the testator has expressed his intention. See Page on Wills, 537, *et seq.* In determining what person or thing may properly correspond to a description in a will, either a beneficiary or property, if the evidence shows the existence of such person or property, the will is not ambiguous, and the person so described and identified must be taken as the intended beneficiary. 'It is not essentially necessary that a testator, in his will, name the legatee or devisee in order to give effect to the bequest. It is sufficient if he is so described therein as to be ascertained and identified:' Dennis *v.* Holsapple, 148 Ind. 297, 301. The testator need only provide the means of ascertaining the object of his bounty, according to the maxim *id certum est quod certum reddi potest.* If the description distinguish the claimant from every other person, it is enough: 1 Jarman on Wills (6th ed. by Chas. Sweet, 1901), 478."

The question, therefore, is: Was sufficient proof offered by the alleged legatees to show that they answer the description of the legatees as contained in the will?

The undisputed evidence in this cause is that the decedent, aged about seventy-four years, became ill and bedfast on Nov. 12, 1921, and died on Nov. 21, 1921; that Esther Brown nursed her during the night of Nov. 12th; that Sarah A. Gibble nursed decedent from Saturday morning, Nov. 12th, until Sunday evening, and about five hours on Thursday, Nov. 17th; and that Kate A. Wolf nursed her from Nov. 13, 1921, until Nov. 21, 1921, the day on which she died.

This statement of facts shows that the parties who did the nursing during "my last sickness" were obliged to attend and care for the decedent for a period of only ten days, and that even during this time their services were not of an onerous character.

At the audit, we were of opinion that the nursing contemplated to be done under the will could hardly be said to have been rendered in this case, and that the claimants here were not morally or legally entitled to this fund, which amounts to $1529.80, for ten days' nursing.

Whatever our personal views may be as to the wisdom and fairness of the provisions in this will and the language in which they are expressed, we must, however, not lose sight of the fact that a will is a sacred thing, and that courts entertain great respect for the wills of those who are dead and manifest an earnest desire to carry into effect the terms and provisions thereof, when in accord with the law and sufficiently clear and certain to make a proper disposition of the estate. Our duty is to interpret the meaning of the written words employed, and not, under the "guise of a construction or under general powers of equity, to assume to correct or redraft the will," in which the testator has expressed his intentions. The functions and duty of the court in passing upon the import and effect of words, such as we have in the instant case, are clearly pointed out in the Reinheimer's Estate, 265 Pa. 185, where the testator disinherited his children and gave the residue of his estate "to the party or parties . . . who may be farming my farm and taking care of me at the time of my death." There it was held that the character, efficiency and duration of the service rendered are not a matter for the court where no

4 D. & C.

limitations or descriptions appear in the will, because all the acts were to be performed during the lifetime of the testator, and, if not satisfactory to him, he could have revoked the bequest.

There was no direction made in this will how the nursing was to be done or what period of time it must cover. Testatrix merely said, "I give and bequeath unto the person or persons who shall nurse me through my last sickness," and, consequently, whether the "sickness" continued for only ten days, or might have been for ten years, cannot affect the right, as legatee, of those who cared for and nursed the decedent during her last illness, which was only ten days. While $1529.80 may be considered as exorbitant and unreasonable payment for the services rendered here, yet, as stated, the will of testatrix gives it to those who nursed her, without specifying any limitation as to time, and, therefore, we must distribute this fund to those persons who answer the description called for in the will.

The evidence shows that Sarah A. Gibble and Kate A. Wolf have been identified as the persons who did nursing during the last illness, and are, therefore, entitled to participate in the distribution. But we fail to see why Esther Brown, who nursed the decedent during the first night of her illness, should not be regarded as answering the description and requirements. Counsel for Mrs. Gibble and Kate A. Wolf takes the position that Esther Brown, who was a servant in the family of Mrs. Gibble, merely acted and substituted for Mrs. Gibble, and that, since she was in the employ of Mrs. Gibble, there existed the relation of master and servant, and that the nursing of Miss Brown must be construed as having been performed by Mrs. Gibble. What the relationship was between Mrs. Gibble and Miss Brown, or who directed Miss Brown to stay with decedent, can have no bearing on the rights of Miss Brown under the terms of the will, which gives the balance of the estate to the persons who nursed the decedent.

The argument that the service rendered by Miss Brown was not an independent one, because she was in the employ of Mrs. Gibble, and was, therefore, doing the nursing for Mrs. Gibble, cannot be sustained, because Mrs. Gibble could not act as nurse in a substitutionary capacity and then ask that she be regarded as fulfilling the description in the will. The meaning and intent of the language employed by testatrix is that those who personally nursed her in her last illness should receive her estate. There might be some merit in the contention that one who nurses another may be relieved at intervals, where the nursing covers a long period of time, but when, as in the instant case, the nursing covers only ten days, and the party who seeks to set up the relationship of master and servant or principal and agent failed to do the nursing on the first night, which nursing was done by Miss Brown, and herself nursed only about three days, when another took up the work, it can hardly be said that the services of Miss Brown must be construed as having been performed by Mrs. Gibble. The relationship existing between Miss Brown and Mrs. Gibble, it seems to us, has nothing to do with the question of determining who meets the requirements of the will. If the contention of Mrs. Gibble be sound, she could participate here, even though all the nursing had been done by Miss Brown. That such a position could not be upheld is very obvious from the terms of the will. Miss Brown answers the description as truly and fully as Mrs. Gibble and Mrs. Wolf, and, therefore, she must be included in the distribution.

The fund will accordingly be distributed to, and divided equally among, Esther Brown, Sarah A. Gibble and Kate A. Wolf.

From Wellington M. Bertolet, Reading, Pa.