MOSS *v.* AXFORD.

1. WILLS—TRUSTS—UNNAMED BENEFICIARY.

   A clause in a will devising the residue of the estate to the executor named, with instructions to pay it to the person giving testatrix the best care in her declining years, while precatory, is mandatory in effect, and, if valid, created a trust.

2. SAME—DEVISE SHOULD BE CARRIED OUT UNLESS UNCERTAINTY BAFFLES THE LAW.

   The purpose of the devise being manifest and lawful, it should be carried out unless there is such uncertainty that the law is fairly baffled.

3. SAME—DEVISE TO UNNAMED BENEFICIARY VALID IF COURT BY EXTRINSIC EVIDENCE CAN IDENTIFY THE BENEFICIARY.

   It is not necessary that a beneficiary be designated by name or by a description which makes identification automatic, nor that the testator have in mind the particular individual upon whom his bounty may fall, but the devise will be sustained if the testator uses language sufficiently clear to enable the court by extrinsic evidence to identify the beneficiary.

   As to effect of devise or bequest to beneficiary designated only as one who shall render specific service or occupy specific position or status, other than mere relationship, see annotation in 38 A. L. R. 775.

4. TRUSTS—DISCRETION OF TRUSTEE—VALIDITY.

    A trust is not invalidated by the fact that the trustee is vested with discretion.

5. WILLS—TRUSTS—DISCRETION IN TRUSTEE TO NAME BENEFICIARY DOES NOT INVALIDATE DEVISE—TRUSTEE'S ACTION REVIEWABLE IN EQUITY.

    Under the will, the ascertainment of testatrix's beneficiary by the trustee was an imperative duty, the test and method were prescribed, he was bound to exercise good faith in the determination, and the honesty of his decision would be reviewable in equity.

6. TRUSTS—DEVISE IN TRUST TO UNNAMED BENEFICIARY VALID.

    A clause in a will devising the residue of the estate in trust, to be paid to the person giving testatrix the best care in her declining years, is a valid devise in trust, and the designation by the trustee of the person who took care of testatrix from about the time the will was made until her death constituted such person the residuary legatee.

7. PERPETUITIES—DEVISE IN TRUST TO UNNAMED BENEFICIARY NOT VOID UNDER STATUTE.

    A devise in trust, with instructions to pay the property to the person giving testatrix the best care in her declining years, is not void under 3 Comp. Laws 1915, § 11532, because it suspended the absolute power of alienation from the death of testatrix until the trustee should make designation of a beneficiary, where the will provided no restriction on alienation, since the beneficiary, whoever it might be, was in being, and, with the trustee, could have conveyed an absolute fee at any time, and the ordinary delays in the settlement of an estate are not within the reason of the statute.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted January 29, 1929. (Docket No. 144, Calendar No. 33,941.) Decided March 29, 1929.

Bill by Sarah Moss and Catherine Moss against Henry W. Axford, executor of the last will of Caroline M. Girard, deceased, and Mary E. Piers, for a

construction of a clause in said will. From a decree for defendants, plaintiffs appeal. Affirmed.

*John P. Scallen* (*John W. Gilmore,* of counsel), for plaintiffs.

*Max Hulett,* for defendant Axford.

*Lynch & Hinks,* for defendant Piers.

Fead, J. This is a bill to construe the fifteenth paragraph of the will of Caroline M. Girard, made when she was about 77 years of age.

"*Fifteenth.* I give, devise and bequeath all the rest, residue and remainder of my property to Henry W. Axford with the instructions to pay the same to the person who has given me the best care in my declining years and who in his opinion is the most worthy of my said property. I make him the sole judge and request that his signature with the signature of the person receiving said property shall be a sufficient release for my said executor."

Plaintiffs are sisters of Mrs. Girard and claim as her heirs. Defendant Axford for a long time was attorney and adviser of Mrs. Girard and her husband (who predeceased her), drafted her will, and was named her executor. Defendant Mary E. Piers took care of testatrix from the time the will was made until her death, and was designated by Mr. Axford as the person entitled to the residue of the estate under the above clause. The testimony was undisputed that the designation was proper if the devise was valid.

Plaintiffs contend that the clause was an invalid attempt to create an express trust because there was no beneficiary fully expressed and clearly de-

fined upon the face of the will, as required by 3 Comp. Laws 1915, § 11575, subd. 5:

"Sec. 11. Express trusts may be created for any or either of the following purposes:	*	*	*

"5. For the beneficial interest of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time prescribed in this title."

Plaintiffs' argument has its basis in their contention that Mr. Axford was given uncontrolled and unrestrained discretion in designating the beneficiary, and in reliance upon *Tilden* v. *Green,* 130 N. Y. 29 (28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487), in which the court held void for uncertainty of beneficiaries a charitable trust in which the trustees were given unlimited authority to designate the beneficiaries. They said Axford, not testatrix, selected the beneficiary, and it was his act, not her will; and urged that no court could compel or supervise the execution of the trust, nor substitute a trustee if Axford failed to act.

While the words used in the residuary clause are precatory, the intent of the testatrix in the disposition of the residue of her property to the person who should care for her is manifest, and the language is mandatory in effect. *Trustees of Hillsdale College* v. *Wood,* 145 Mich. 257; *Foster* v. *Willson,* 68 N. H. 241 (38 Atl. 1003, 73 Am. St. Rep. 581). The devise of the residue to Mr. Axford was not personal, but, if valid, created a trust in him. *Cummings* v. *Corey,* 58 Mich. 494.

We do not read the will as conferring on Mr. Axford unrestrained discretion or right of personal opinion in the designation of a beneficiary. The

unmistakable intention of the testatrix, apparent upon the face of the will, was that the residue of her estate should go to the person who should have given her the best care in her declining years. This was to be the basis of selection of the beneficiary as "most worthy" of her property. The duty of designation conferred upon Mr. Axford was a *quasi*-judicial power or discretion to pass upon conflicting claims. It arose out of her confidence in him and his interest in her welfare, but it was confined to ascertaining and naming the person who had given testatrix the best care.

The purpose of Mrs. Girard was lawful, and should be carried out "unless there is such an uncertainty that the law is fairly baffled." *Tuxbury* v. *French,* 41 Mich. 7. It is not necessary that a beneficiary be designated by name or by a description which makes identification automatic. 40 Cyc. p. 1446. Nor that the testator have in mind the particular individual upon whom his bounty may fall. *Bosserman* v. *Burton,* 137 Va. 502 (120 S. E. 261, 38 A. L. R. 767). It is enough if the testator uses language which is sufficiently clear to enable the court by extrinsic evidence to identify the beneficiary. If by such evidence the court can make the identification necessary to give effect to the intention of the testator, the devise will be sustained. *Gilchrist* v. *Corliss,* 155 Mich. 126 (130 Am. St. Rep. 568); *Cook* v. *Universalist General Convention,* 138 Mich. 157; *Gilmer* v. *Stone,* 120 U. S. 586 (7 Sup. Ct. 689).

The case at bar presents less difficulty of identification than was present in those cited. The undisputed evidence was that Mrs. Piers was the only person who took care of Mrs. Girard from about the time the will was made to the time of her death.

But had there been conflicting claims, they could have been resolved according to the evidence. *Will of Mangan,* 185 Wis. 328 (200 N. W. 386). While there seems to be no cases in point in this State, direct devises in general language to persons who should care for a testator have been held valid in other jurisdictions. *Harriman* v. *Harriman,* 59 N. H. 135; *Dennis* v. *Holsapple,* 148 Ind. 297 (47 N. E. 631, 46 L. R. A. 168, 62 Am. St. Rep. 526); *Glasgow's Estate,* 243 Pa. St. 613 (90 Atl. 332); *Will of Mangan, supra; Bosserman* v. *Burton, supra.*

A trust is not invalidated by the fact that the trustee is vested with discretion. 39 Cyc. p. 316. In *Lear* v. *Manser,* 114 Me. 342 (96 Atl. 240), a case closely in point, the residue of the estate was given to the executor in trust—

"to be paid by him to such person or persons, or to such institution as shall care for me in my last sickness, such payment to be made to the person or persons, or institution, or any or all of them as may in the discretion of my said executor be equitably entitled thereto, and the payment by my said executor and receipt taken by him therefor shall be a sufficient voucher and discharge to him under the provisions of this item."

The court held the identification of the beneficiary sufficient, as the testator had "prescribed a rule whereby his beneficiary could be identified with certainty." The court also pointed out that although the trustee was invested with discretion, the trust would not perish with him, but—

"It could be executed by another trustee appointed by the court if necessary, for the duty imposed upon the trustee, and the discretion given to

him in the exercise of that duty, are imperative and not optional, they were intended by the testator to be executed at all events."

In *Re Cawthrope*, 26 Ont. Wkly. Rep. 762, the residuary estate was devised "unto those of my relations who are needy in such amounts and to such of the same as my executors see fit in their discretion." The court held the devise valid, and said:

"It is settled law that when a testator has given a pure discretion to trustees, as to the exercise of a power, the court does not enforce the exercise of the power against the wish of the trustees, but it does prevent them from exercising it improperly. The court says that the power, if exercised at all, is to be properly exercised.   *   *   *

" 'But in all cases where there is a trust or duty coupled with a power, the courts will then compel the trustees to carry it out in a proper manner within a reasonable time.'

"In this case, there is   *   *   *   a gift which the court would carry into effect if the executors failed to exercise their power over it; but with which the court will not interfere if the executors, in good faith and uninfluenced by improper motive, exercise, within a reasonable time, their power over it."

The ascertainment of testatrix's beneficiary by Mr. Axford was an imperative duty. The test and method were prescribed by the will. He was bound to exercise good faith in the determination, and the honesty of his decision would be reviewable in equity. *Chambers* v. *Chambers*, 207 Mich. 129. Upon his failure or inability to perform the duty, the court could from extraneous evidence ascertain and declare the beneficiary to fully carry out the intention of the testatrix. We think the clause a valid devise in trust, and that the designation of

Mrs. Piers by Mr. Axford constituted her the residuary legatee.

Plaintiffs further contend that the devise was void because it suspended the absolute power of alienation from the death of testatrix until the trustee should make designation of a beneficiary, a period not measured by lives in being. The statute (3 Comp. Laws 1915, § 11532) provides the test, plain and unvexed by complications:

\* \* \* "Such power of alienation is suspended when there are no persons in being, by whom an absolute fee in possession can be conveyed."

The will provided no restriction on alienation. The beneficiary, whoever it might be, was in being, and she and the trustee could have conveyed an absolute fee at any time. Moreover, the ordinary delays in the settlement of an estate are not within the reason of the statute. *Fitz Gerald* v. *City of Big Rapids,* 123 Mich. 281.

The decree holding valid paragraph 15 of the will and the designation of Mary E. Piers as residuary legatee thereunder, and dismissing the bill of complaint, is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.