OLD COLONY TRUST COMPANY & another, executors, *vs.* HARRIET C. HALE.

Norfolk.    November 29, 1938. — December 30, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy,* Gift of contents of house.  *Words,* "Securities," "Contents."

Upon the construction of an entire will giving to a cousin "my house and land . . . and the contents of the house not otherwise hereinafter bequeathed," the cousin was not entitled to such of the contents of a safe in the house as comprised three savings bank books and insurance policies covering an automobile and the premises devised, or to the proceeds of the policies, but was entitled to certain jewelry in the safe that was not otherwise mentioned in the will.

PETITION, filed in the Probate Court for the county of Norfolk on February 5, 1938.

After a hearing by *McCoole, J.,* a decree was entered in substance that the respondent Harriet C. Hale was not entitled to certain articles, enumerated in the petition, which were in the house at 10 Beech Road in Brookline. She appealed.

*J. W. Worthen & E. B. Cook,* for the respondent, submitted a brief.

DOLAN, J.   This is an appeal from a decree entered in the Probate Court upon the petition of the executors of the will of Florence L. Todd seeking instructions as to their duties in connection with the distribution of her estate. No question is raised as to the correctness of the instructions decreed except with relation to the instruction that Harriet C. Hale is not entitled to certain savings bank books, insurance policies, proceeds of two "automobile policies," and certain jewelry, which were all contained

in a safe in the house of the testatrix at 10 Beech Road, in Brookline, at the time of her death.

The first clause of the will of the testatrix provides as follows: "1. I give to Mrs. Harriet C. Hale, my cousin, now of 22 Arnold Street, Northampton, Massachusetts, two hundred thousand dollars ($200,000.00); also my house and land situated at 10 Beech Road, Brookline, Massachusetts, and the contents of the house not otherwise hereinafter bequeathed; also my silver now in the vaults of the Bay State Trust Company; also all my rugs now stored in the Boston Storage Warehouse not otherwise hereinafter bequeathed; also my large bar pin with eleven diamonds; and also my diamond semi-necklace with a diamond heart attached." This provision was followed by a number of pecuniary legacies and bequests of specifically described articles of jewelry. The will further provides that the pecuniary legacies shall be paid as far as possible in securities that might be found in the estate of the testatrix. The securities thus found were appraised at $570,414.35. The pecuniary bequests aggregate $352,000. The will also provides that the residue of her estate shall be divided among those who received bequests in terms of money under the will, in the proportions that their individual gifts so expressed bore "to the total gifts so expressed of this class."

After the death of the testatrix there were found in a small safe in her house at 10 Beech Road, "among other items of personal property," three savings bank books representative of total deposits of $8,433.36, fire and other insurance policies covering the premises and its contents and having a transfer value of $228.48, policies of automobile insurance which were surrendered by the petitioners, who received $53.62, the surrender value thereof, and articles of jewelry appraised at $471. The jewelry that was specifically bequeathed to the respondent by the will was not in the house at 10 Beech Road when the testatrix died but was in a safe deposit vault.

The sole question for decision is whether the contents of the safe pass, under the devise and gift of the "house and

land situated at 10 Beech Road . . . and the contents of the house not otherwise hereinafter bequeathed," to the respondent. In the absence of reference to any particular or general class of property in a testamentary gift, the rule of *"ejusdem generis,"* that where bequests are made by words of enumeration and are followed by collective words the latter are confined to objects of the same character as those enumerated, does not apply. See *Creamer* v. *Harris,* 90 Ohio St. 160, L. R. A. 1915 C, 653, Ann. Cas. 1916 C, 1137. Where, as in the case at bar, the bequest is simply of the "contents of the house" not otherwise disposed of in the will, the word "contents," being a word of comprehensive meaning, must receive its full import unless some very distinct ground can be derived from the context, and a consideration of the will as a whole in accordance with the settled rule governing its construction (see *Ware* v. *Minot,* 202 Mass. 512), for regarding it as used in a special and restricted sense. *Dole* v. *Johnson,* 3 Allen, 364, 367. *Johnson* v. *Goss,* 128 Mass. 433, 434. *Lansburgh* v. *Lansburgh,* 37 Fed. (2d) 997. Since the rule of *"ejusdem generis"* is not applicable to the bequest under consideration, the case is distinguishable from *Fenton* v. *Fenton,* 35 Misc. (N. Y.) 479, and other cases where that rule was applied. See also *Ludwig* v. *Bungart,* 33 Misc. (N. Y.) 177; *Peaslee* v. *Fletcher's Estate,* 60 Vt. 188; *Creamer* v. *Harris,* 90 Ohio St. 160, L. R. A. 1915 C, 653.

It is the general rule, however, that choses in action will not pass under a bequest of the contents of a house. *Popham* v. *Aylesbury,* 1 Ambl. 68. *Fleming* v. *Brook,* 1 Sch. & Lef. 318. *Stuart* v. *Marquis of Bute,* 11 Ves. 657. See *Parrott* v. *Avery,* 159 Mass. 594.

In *Penniman* v. *French,* 17 Pick. 404, where the bequest was of "in-door movables," it was held not to include two promissory notes which were due to the testatrix and were in her house at her death, on the ground that they "were to be considered as choses in action, not appertaining to the house, but to the person, following the person whether in-door or out-door." In like manner, in *Fleming* v. *Brook,* 1 Sch. & Lef. 318, a bequest by the testator of "all my

property of whatever nature or kind the same may be, that shall be found in her [Mrs. Fleming's] house," except a certain bond, was held not to pass mortgages or bonds or bankers' receipts, because, being choses in action, they had no locality, and the court did not consider the exception in the bequest as sufficiently strong evidence of the testator's intention to pass these choses in action. See *Parrott* v. *Avery*, 159 Mass. 594. In *Popham* v. *Aylesbury*, 1 Ambl. 68, 69, also cited in *Stuart* v. *Marquis of Bute*, 11 Ves. 657, 662, a bequest of "my house and all that shall be in it at my death" was held to pass cash and bank notes found in the house, but not to pass promissory notes and securities, as they were evidence of title to things out of the house and not things in it. See *In re McCalmont*, 19 T. L. R. 490.

Such cases as *Gaff* v. *Cornwallis*, 219 Mass. 226, relied upon by the respondent, and *Lock* v. *Noyes*, 9 N. H. 430, where the bequests were of the contents of particular receptacles, are distinguishable from the instant case in that respect. See also *In re Robson*, [1891] 2 Ch. 559, 562. In the *Gaff* case the court pointed out that the case was not one where there was the uncertainty that sometimes attaches to bequests of personal property that is only described by location. In the present case, the bequest was not of the contents of a particular receptacle.

Of course the general rule under discussion must yield if it is clear that in the present case the intent of the testatrix was to pass the objects that were found in the safe or that which they represented. We are of opinion, however, that there is nothing in the will that, properly construed, can be said to show an intent on the part of the testatrix to give to the respondent the savings bank books or the insurance policies found in the safe in her house after her death. On the contrary, with relation to the savings bank books, it would appear that they come within the meaning of "securities" as that word is used in the will, and that, together with all other "securities" found at her death, they were to be distributed in kind so far as possible in payment of the money legacies given thereunder. "A savings-bank book has a peculiar character. It is not a mere pass-book,

or the statement of an account; it is issued to the person in whose name the deposit is made, and with whom the bank has made its contract; it is his voucher, and the only security he has, as evidence of his debt. . . . It is in the nature of a security for the payment of money." *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425, 432. *Commonwealth* v. *Reading Savings Bank,* 133 Mass. 16, 22. It is analogous to stock certificates in many respects. *Herbert* v. *Simson,* 220 Mass. 480. See also *J. S. Lang Engineering Co.* v. *Commonwealth,* 231 Mass. 367, 371. We think that the savings bank books in question do not pass to the respondent under the gift of "the contents of the house not-otherwise hereinafter bequeathed."

Nor do we perceive anything in the will to show a clear intent on the part of the testatrix to pass to the respondent by the bequest just referred to, the insurance policies found in the safe. Giving to the word "contents" the full extent of its import, we think, in view of what has already been said, that it must be held that these policies, the final contracts of the parties thereto, whereunder the insurer "promises to pay money or its equivalent, or to do an act valuable to the insured, upon the destruction, loss or injury of something" in which the insured has an interest, *Attorney General* v. *C. E. Osgood Co.* 249 Mass. 473, 476, did not pass to the respondent under the terms of the will.

We are of opinion that the jewelry "Found in said house . . . in a small safe" did pass to the respondent under the bequest, which did not, by precedent words of enumeration, limit the word "contents" to the character of any objects already described. The articles of jewelry there found were not otherwise disposed of by the will, not being included in such articles as are specifically bequeathed in the will to the respondent and to others. They may fairly be said to have been contents of the house, and to have been property in possession as distinguished from choses in action. See *Stuart* v. *Marquis of Bute,* 11 Ves. 657, 662; *Chapman* v. *Hart,* 1 Ves. Sr. 271.

The decree of the Probate Court must be modified so as to instruct the petitioners that it is their duty to de-

liver to the respondent the articles of jewelry that were found in the safe, and as so modified it is affirmed.   Costs and expenses of this appeal may be allowed to the respondent in the discretion of the Probate Court.

*Ordered accordingly.*