EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, VAUGHAN CLAVEY and GEORGE LODGE, Executors of the last Will and Testament of ALFRED D. PEOPLES, Deceased,

*vs.*

VAUGHAN CLAVEY, EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the last Will and Testament of ALFRED D. PEOPLES, Deceased, REBECCA PEOPLES HALL, MARY P. HUXLEY, REBA HALL SNYDER, and MORRIS A. STOUT.

*New Castle, September 6, 1941.*

*Charles F. Richards,* of Richards, Layton & Finger, for complainants.

*Paul Leahy,* of Southerland, Berl, Potter & Leahy, for Vaughan Clavey.

*John J. Morris, Jr.,* and *Albert W. James,* of Hering, Morris, James & Hitchens, for Rebecca Peoples Hall and others.

THE VICE-CHANCELLOR: Alfred D. Peoples died in Wilmington in 1939, unmarried and without issue. By the first Item of his will he made a gift to a business associate, Vaughan Clavey, one of the respondents. He made various other specific gifts and left his residuary estate in trust, all for the benefit of his sister, nieces, nephew and cousin, his nearest relatives. The question raised is whether certain property was included in the gift to Vaughan Clavey, or whether it passed under the residuary clause. The pertinent Item reads thus:

"Item 1. I give and bequeath to Vaughan Clavey, of the City of Wilmington, Delaware, in recognition of his faithful services, all of the contents of my hardware store known as No. 507 Market Street, Wilmington, Delaware, except the contents of my apartment on the second floor, which I specifically bequeath in Item     of this will. This bequest to him includes all bought and sold in the hardware business and all other articles of personal property in said building except the said contents of my apartment. I also give and bequeath to him the note of his Mother Sallie Ann Clavey, for Twenty Five Hundred Dollars. I direct and will, that he shall not be required to pay any rent for the store or any part of the building No. 507 Market Street, for a period of six months from the date of my death."

Certain facts concerning the testator and his property were alluded to by the solicitors as having a bearing upon the construction of the will. In 1879, the testator engaged in the hardware business, and from 1898 to the time of his death, he was the sole proprietor of a hardware store at 507 Market Street in Wilmington. There he spent his time, except while away on pleasure trips which he frequently made. In 1905, the respondent Clavey was employed as a clerk in

the store, and in 1910, became manager of the business under the general supervision of the testator. Clavey bought all goods from manufacturers and wholesalers, passed on the credit of the store's customers, and kept the keys to the store property, as well as to a safe located in the store. He also held a power of attorney from the testator for the drawing of checks on a bank account which, although maintained in the testator's name individually, was used exclusively in connection with the hardware business. At the testator's death, the balance in the account exceeded $7,000. The merchandise and fixtures in the store had an appraised value of about $19,000. The accounts receivable were approximately $9,500, and the accounts payable, $8,300. In the safe in the store were found the note of Sallie Ann Clavey for $2,500, mentioned in the will, besides cash, a watch and chain, certificates for certain debentures, stock certificates, a bond and warrant of attorney, and checks, all of which had an appraised value of, roughly, $6,200. The entire estate had a value of many times the foregoing items.

The respondent Clavey puts forward two alternative constructions of the gift to him. First, he says that the language of the will should be construed as a gift of the hardware "business" as a whole and as a going concern, and that consequently, the balance in the bank account and the receivables (subject to the accounts payable) are comprehended. Cases are cited for the proposition that a gift of a business includes such items as these. Even conceding this, it still remains to be established that the subject of the gift described in the will is the hardware business. In each of the authorities cited, there was a gift in terms of a business, with the exception of the case of *In re Lowe*, 149 *App. Div.* 347, 134 *N. Y. S.* 537, affirmed 206 *N. Y.* 671, 99 *N. E.* 722. There, a gift of the testatrix' "printing office and bindery, together with all the presses, bindery machinery, type, paper on hand, office furniture and equipment of every nature connected with said business" was, under the circumstances of

that case, construed to mean a gift of the business. The language of the present will is distinguishable. There is no express gift of the business; and the construction contended for would necessitate reading into plain language, a forced and unnatural meaning, wholly unnecessary for the accomplishment of a reasonable scheme of distribution of the testator's property. The fact that the testator recognized Clavey's long and faithful services surely does not require that the scope of the gift should receive an enlargement beyond the bounds which the language would normally dictate. The provision that Clavey should not be required to pay rent for the building for six months, coupled with the gift of the contents of the store, may well show that the testator did not intend that the good will of the enterprise should pass as a separate property right to the residuary donees. Indeed, the latter make no contrary contention. But that does not make it necessary, or even reasonable, to construe the gift of the contents of the building to mean the hardware business so as to embrace the accounts receivable and the bank balance.

The other construction urged by Clavey is that if the language be deemed not to constitute a gift of the hardware business, nevertheless, the expression "all of the contents" embraces the merchandise and fixtures, the safe, the watch and chain, the cash, checks and bond, the stock and debentures represented by certificates found in the safe, and also the bank balance represented by the deposit book; that the words "all bought" in the hardware business mean all of the merchandise whether paid for or not; and that "all * * * sold in the hardware business" means the right to collect money due for goods sold, that is, the receivables. The residuary donees deny that the language in question comprehends the intangibles or anything other than the merchandise, furniture and fixtures in the store.

Clavey's contention with respect to the accounts receivable seems somewhat strained. The expression beginning

"all bought and sold" clearly means all things which are bought and sold in the conduct of the hardware business, that is, the merchandise.

The use of the expression "all of the contents" is a loose way to designate the subject of a bequest, and frequently gives rise to questions as to what property the testator meant his language to embrace. *Winkler, Ex'r., v. Woodruff, et al.,* 21 *Del. Ch.* 147, 182 *A.* 409. However, in the absence of some indication otherwise, the general scope of the expression is to be given its full effect. *Winkler, Ex'r., v. Woodruff, et al., supra; Old Colony Trust Co. v. Hale,* 302 *Mass.* 68, 18 *N. E.* 2d 432, 120 *A. L. R.* 1207. In the latter case, a distinction is drawn between a gift of the contents of a house and a gift of the contents of a particular receptacle, such as a chest or safe; to the effect that unless a different intent appears, the former gift does not include intangibles, but the latter may, where some tangible representation or evidence of the property, as for example, a stock certificate or bond, constitutes a part of the contents. This distinction is given support by authorities cited in the annotation following the Massachusetts case, in 120 *A. L. R.* 1210.

Here, there are other indications of the meaning to be ascribed to the gift of the "contents". In the same item of the will, the testator states that the gift includes the merchandise "and all other articles of personal property in said building except the said contents of my apartment." The expression "all other articles of personal property," as so used, manifestly denotes tangibles only. *Merrill v. Winchester,* 120 *Me.* 203, 113 *A.* 261; 6 *C. J. S., Article,* p. 776. Still in the same item, but as a separate bequest, the testator gives to the same donee a note for twenty-five hundred dollars, which was found in the safe. If he had intended the preceding descriptive words to comprehend intangibles, this would not have been necessary. Thus, in designating property to be included in the gift of the "contents", he mentions only tangibles; whereas, the one intangible referred to is the sub-

ject of a separate gift. The effect of the context, it seems to me, is to tip the scales in favor of a construction limiting the scope of the word "contents" to tangible property.

A decree in accordance with this opinion will be advised.

Note. Affirmed by the Supreme Court on appeal. See *post* p. 446, 28 *A* 2d 309.