HOWARD CARNEY, SECRETARY OF STATE V. SOUTHWESTERN MOTOR TRANSPORT, INC.

No. A-4528. Decided May 12, 1954.
(267 S.W. 2d Series 802)

*John Ben Shepperd,* Attorney General, *W. V. Geppert, William W. Guild,* and *L. P. Lollar,* Assistants Attorney General, for petitioner. The Court of Civil Appeals erred in holding that respondent is a "public utility" corporation within the purview of Clause 3 of Article 7084, and therefore entitled to pay its franchise tax thereunder. Ross Amigos Oil Co. v. State, 133 Texas 623, 138 S.W. 2d 798; American Indemnity Co. v. City of Austin, 112 Texas 239, 246 S.W. 2d 1019; Missouri K. & T. Ry. Co., v. Mahaffey, 105 Texas 394, 150 S.W. 881.

*Ewell H. Muse, Jr.,* and *Morgan Nesbitt,* both of Austin, for respondent.

The Court of Civil Appeals correctly held that since the Legislature had not defined what public utilities were embodied in Clause 3 of Article 7084, Vernon's Civil Statutes of Texas, respondent, as a public utility, was properly included within the purview of that clause. Gulf States Utilities Company v. State, 46 S.W. 2d 1018; Fikes v. Sharp, 112 S.W. 774; 34 Texas Jur. p. 703 Sec. 3.

MR. JUSTICE GRIFFIN delivered the opinion of the court.

Respondent filed suit for a refund of franchise taxes uaid under the protest tax statute (Art. 7057b, Vernon's Annotated Texas Civil Statutes) to petitioner as Secretary of State under Clause (1) of Article 7084, Vernon's Annotated Texas Civil Statutes. Respondent claims that it should pay the franchise tax under Clause (3) of Article 7084, as a "public utility." Judgment of the trial court was in favor of respondent, and this judgment was affirmed by the Court of Civil Appeals. 264 S.W. 2d 159.

The case was tried upon stipulations of facts. It was stipulated that respondent was a corporation organized to transport goods, wares and merchandise, or any valuable thing; that it is a common carrier with a certificate of public convenience and necessity issued by the Railroad Commission; that it transports property for hire over the highways of this state; that respondent is subject to and governed by the provisions of Article 911b, Vernon's Annotated Texas Civil Statutes, and that the Railroad

Commission regulates and supervises the operations of respondent, fixes and prescribes the rates to be charged for its transportation services, prescribes rules and regulations relating to the safety of respondent's equipment, prescribes the schedules and frequencies of service that respondent may render, and generally exercises regulation and supervision over respondent as required by law.

Both parties admit that respondent is liable for the payment of a franchise tax under Clause (1) of Article 7084, unless respondent is a "public utility" and entitled to be taxed under Clause (3) of Article 7084, supra.

The pertinent part of Clause (3), Article 7084 is as follows:

"Except as provided in preceding Clause (2), all public utility corporations, which shall include every such corporation engaged solely in the business of a public utility as defined by the laws of Texas whose rates or services are regulated, or subject to regulation in whole or in part, by law, shall pay a franchise tax as provided in this Article, except the same shall be based on * * *"

All parties admit respondent is not a corporation included "in preceding Clause (2)."

Respondent has well stated the problem in its reply to the application for writ of error, when it says:

"An examination of the provisions of said Clause (3) reveals that in order to come within the provisions thereof a corporation must (1) be engaged solely in the business of a public utility, (2) such business must have been defined or declared to be such by Legislative enactment, and (3) such business or corporation must be subject to regulation, in whole or in part, by law."

There is no question but that respondent is a business subject to regulation, in whole or in part, by law. Also, there is no contention that respondent has been defined or declared to be a "public utility" in *haec verba* by Legislative enactment. Respondent contends that the words "public utility" are synonymous with the words "affected with a public interest." Therefore, since the Legislature in Section (22b) of Article 911b declared the business of operating as a motor carrier of property for hire along highways of this state *to be a business "affected with the public interest,"* respondent contends this is a definition of respondent as a "public utility" by Legislative enactment. As fur-

ther proof of the correctness of its position, respondent refers to the regulation and control over it and its business which the law places upon the Railroad Commission.

We think an effective answer to respondent's contention is found in Clause (3) of Article 7084. It will be noted that the language of the statute is plain and unambigious, and it reads "all public utility corporations * * * as defined by the laws of Texas * * *." It does not read "all corporations whose business is affected with a public interest * * *." Respondent does not cite to us any Legislative enactment stating that a *"motor carrier of property for hire along the highways of this state"* is declared to be a *"public utility."* Nor is any contention made that such a statute with the underscored wording exists.

■ Both petitioners and respondent rely upon the case of Gulf States Utilities Co. v. State, Texas Civ. App., (1932), 46 S.W. 2d 1018, writ refused, to sustain their respective positions. We think the following quotation from the above case effectively disposes of respondent's claims herein: "* * * And, under the rule that our courts will not, in absence of legislative enactment, declare a private business a public utility merely because it is affected with the public interest, 'the conclusion that the ice business was affected with the public interest is immaterial. Ladd v. Southern Cotton Press & Mfg. Co., 53 Texas 172 * * *." 46 S.W. 2d p. 1022, 2nd col·

■ The mere fact that the business of respondent is affected with the public interest, and is subject to regulation by the Railroad Commission does not make it a "public utility" under Clause (3) of Article 7084. Therefore, the tax was properly assessed and paid under Clause (1) of Article 7084· To hold otherwise, in our opinion, would be to place an undue burden and responsibility upon the Secretary of State and his staff. When the Legislature provided that if a business is to come within the terms of Clause (3) it must be a "public utility" "as defined by the laws of Texas," it intended for the Secretary of State to include under Clause (3) only those "public utilities" set forth in statutory enactments. Had the Legislature intended this Clause (3) to include "a business affected with a public interest" it could easily have said so. Its failure so to do convinces us that such test is not the true test for determining if a business pays a tax under Clause (3). Only those businesses which the Legislature has defined as "public utility" are entitled to pay the tax under Clause (3). Respondent is not such a business.

Judgments of both courts below are reversed, and judgment rendered that respondent take nothing.

Opinion delivered May 12, 1954.