**Rebecca B. HUCKABEE, Individually and as Independent Executrix of the Estate of Cora L. Baird, Deceased, Appellant,**

v.

**Gladys HANSEN, Appellee.**

**No. 336.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 14, 1967.

R. D. Cox, Jr., of Cox & Patterson, McAllen, for appellant.

J. Perry Jones, of Jones & Flores, McAllen, for appellee.

OPINION

GREEN, Chief Justice.

Cora L. Baird died October 16, 1964, leaving a will executed by her on May 25, 1962. This will was duly ordered to probate and appellant Rebecca B. Huckabee was appointed Independent Executrix of the estate, as provided in the will.

This suit filed in the district court of Hidalgo County by appellee is for a declaratory judgment seeking a construction by the court of a provision of the will devising all stocks, bonds and other securities owned by deceased to appellee.

The will is short, containing four paragraphs. The first has the customary provisions concerning payment of deceased's debts. The fourth provides for the appointment of appellant as independent executrix, and has the usual language concerning limited proceedings in the probate court.

Paragraphs II and III read as follows:

### "II

"I give, devise and bequeath to my sister, MRS. GLADYS HANSEN of Akron, Ohio, all stocks, bonds and other securities that are owned by me at the time of my death. If my said sister does not survive me, then I give all of said stocks, bonds and other securities to her children in equal shares.

### III.

"All the remainder of my estate and property, other than the stocks, bonds and other securities mentioned in the next preceding Paragraphs II, I give, devise and bequeath as follows: One-half (½) thereof to my sister, MRS. GLADYS HANSEN of Akron, Ohio; one-half (½) thereof to MRS. REBECCA B. HUCKABEE of Coleman, Texas. If either be deceased at my death, then I give the share she would receive if living to her children, share and share alike."

At the time of her death, deceased's estate consisted principally of 105 shares of common stock in General Public Utilities Corp. of the value of $4,121.35, 11 shares of other stock valued at $49.50, no bonds, a savings account No. ss1816 in the sum of $12,843.63 with Valley Federal Savings & Loan Association of McAllen, bearing interest at 4% per annum and an interest bearing savings account with First National Bank of McAllen of $234.72. The total of her property at her death was valued by the appraisers at $21,033.30, so it is seen that the stocks and the savings accounts together constituted approximately 80% of the estate.

The controversy between the parties is over the construction of the phrase "all stocks, bonds and other securities" in paragraph II of the will; i. e., whether the two savings accounts passed to appellee as "and other securities", or whether these accounts passed in equal shares to each party under paragraph III.

Appellant and appellee each filed a motion for summary judgment in the trial court. The court granted the motion of appellee, and rendered judgment that the two savings accounts were "other securities" which passed to appellee under paragraph II of the will. Appellant's motion was denied.

Appellant on this appeal from such judgment by five points of error presents the contention that the trial court erred in its construction of the term "all stocks, bonds and other securities" and in refusing to hold that the savings accounts passed under the provisions of paragraph III of the will instead of paragraph II. Appellee, by her single point in reply, contends that the court properly held that the two accounts were securities and passed to appellee under paragraph II.

The parties are in agreement that this case should be decided upon the basis of the language of deceased's will. It is further agreed that the decision must be based upon the intent of the testatrix as evidenced by such language. Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943, 946; Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 57 A.L.R.2d 97; Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885; Haile v. Holtzclaw, Tex., 414 S.W.2d 916. In such case, as stated in Huffman v. Huffman, supra, 339 S.W.2d p. 888, "The intent must be drawn from the will, not the will from the intent."

In Avis v. First Nat. Bank of Wichita Falls, 141 Tex. 489, 174 S.W.2d 255, p. 258, the court says:

"Another rule in the construction of wills, which merits serious consideration, is stated by Corpus Juris, vol. 69, p. 80, Wills, § 1136, as follows: ' * * * where the meaning of the language used in the will has been settled by usage and sanctioned by judicial decision, it is presumed to be used in the sense that the law has given to it, and should be so construed, unless the context of the will shows a clear intention to the contrary.' "

Black's Law Dictionary, Fourth Edition, defines "Securities" as "Evidences of debts or of property. State v. Allen, 216 N.C. 621, 5 S.E.2d 844, 845, 847. Evidences of obligations to pay money or of rights to participate in earnings and distribution of corporate, trust, and other property. Oklahoma-Texas Trust v. Securities and Exchange Commission, C.C.A. 10, 100 F.2d 888, 890."

We copy from 79 Corpus Juris Secundum, p. 948, Security; Securities, as follows:

"The words 'security' and 'securities' usually are not applied to money on deposit in a national bank or trust company, but are applied to deposits in savings banks, and also to pass books evidencing savings deposits and to certificates of deposit. While it has been said that securities are mere choses in action, the word 'securities,' in its ordinary acceptation, and in its broadest sense, includes bonds, certificates of stock or deposit, notes, and bills of exchange as stated above, and other promises to pay money, and other evidences of debt, of indebtedness, or of property, and not mere choses in action."

See text for authorities there cited.

Volume 38A Words and Phrases, Permanent Edition, devotes 41 pages to definitions drawn from the various courts of the term "Securities".

We conclude from a study of these and other authorities that in its broadest sense, the term "securities" can mean any and all evidences of debt, such as promissory notes, Truck Terminals, Inc. v. C.I.R., 9 C.C.A., 314 F.2d 449, 455, a check, Hawkins v. Sanford, Dist.Ct., Atlanta Div., 53 F.Supp. 988; travelers checks, Pines v. United States, 8 C.C.A., 123 F.2d 825; personal loan notes, Securities and Exchange Commission v. Addison, U.S.Dist. Ct.N.D.Tex., 194 F.Supp. 709; all classes of investments, In re McGraw's Estate, 337 Pa. 93, 10 A.2d 377; claims against closed banks evidenced by pass books or other instruments, Rieger v. Commissioner of Internal Revenue, 6th C.C.A., 139 F.2d 618; savings banks passbooks or accounts, J. S. Lang Engineering Co. v. Commonwealth, 231 Mass. 367, 120 N.E. 843; Trustees of Protestant Episcopal Church, etc. v. Equitable Trust Co., 26 Del.Ch. 427, 24 A.2d 327; Old Colony Trust Co. v. Hale, 302 Mass. 68, 18 N.E.2d 432, 120 A.L.R. 1207; and of course corporate stocks, bonds, government bonds. In enumerating the above, we do not imply that they are the exclusive intendments of term securities in its broadest meaning; we refer to 38A, Words and Phrases, supra, for more extensive inclusions.

From the above, we conclude that the two savings accounts in question were at the time of her death, securities. If testatrix had devised to appellee "all securities owned by me at the time of my death" with no other circumstances to show a contrary meaning, the savings accounts, in our opinion, would have passed under such bequest.

But testatrix used the language "all stocks, bonds and other securities" in the bequest to appellee in paragraph II, and also in paragraph III in excluding "the stocks, bonds and other securities" from the remainder of her estate devised equally to appellant and appellee. It is our opinion that by the use of the specific language "stocks

and bonds" immediately preceding the general expression "and other securities" testatrix evidenced her intent to restrict the meaning of "securities" to those of the same nature as stocks and bonds, under the recognized legal principle that "Where words of a general nature follow or are used in connection with the designation in a will of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation, under the rule of 'ejusdem generis'." 61 Tex.Jur.2d 252, Wills, § 131, citing Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268; Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054; Erwin v. Steele (Tex.Civ.App.) 228 S.W.2d 882, wr. ref., n. r. e.; Ellis v. First Nat. Bank (Tex. Civ.App.) 311 S.W.2d 916, wr. ref., n. r. e. See, also, Carr, Attorney General of Texas v. Rogers, Tex.Sup.Ct., 383 S.W.2d 383, 387, and authorities cited.

Stocks and bonds represent the type of securities that are the subject of every-day transactions by way of bargain, sale, transfer and exchange. They are dealt with daily in the financial and commercial market. Moneys deposited in a savings account are not exchanged and dealt with in the commercial world as are stocks, bonds, debentures, mortgages, and instruments of similar nature, and although an interest bearing savings account is a security in the broad sense of such term, it is not to be considered in the same category as shares of stock or bonds.

Both parties agree that the will is unambiguous, and that the intent of testatrix should be reached by construing the will within its four corners as a matter of law. It is our opinion that as reflected by the provisions of the will it was not the intention of testatrix to bequeath to appellee the two savings accounts in issue, but that she intended that they should be devised according to the provisions of paragraph III of her will.

The judgment sustaining appellee's motion for summary judgment is reversed, and judgment is here rendered overruling appellee's motion and sustaining appellant's motion for summary judgment, and construing the disputed portion of the will in accordance with this opinion.

Reversed and rendered.