ASSOCIATED INDEMNITY CORPO-
RATION, Appellant,

v.

BUR–TEX CONSTRUCTORS, INC., and
Burnett Construction Company,
Appellees.

No. 470.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 21, 1969.

Rehearing Denied Sept. 11, 1969.

House, Mercer, House & Brock, Franklin D. Houser, San Antonio, for appellant.

Edmond J. Ford, Jr., Corpus Christi, for appellees.

## OPINION

NYE, Justice.

This is a suit filed on behalf of an insured seeking a declaratory judgment interpreting an insurance contract. The trial court granted the plaintiffs' motion for summary judgment adverse to the insurer. The insurance company has perfected its appeal to this Court.

The summary judgment rendered declared that appellant's insurance policy provided property damage coverage for the collapse of a tunnel and ditch which occurred while the plaintiff construction companies were in the process of doing excavation work at the Suntide Refinery in Corpus Christi, Texas. The judgment was based upon the trial court's interpretation of the words "any building or structure" contained in the exclusion portion of the insurance policy; that a conduit containing electrical cables which had cement encased around it, was not such a "structure" as contemplated by the contract of insurance which would exclude coverage.

The plaintiffs were employed by Suntide Refinery to install an oil sewer line 36 inches in diameter and several thousand feet in length. The depth varies from 5 to 13 feet below the surface of the ground. The excavation was designed to be 42 inches wide at the bottom, tapered to a wider dimension near the surface and was to assume a "V" type shape with the narrow area at the bottom of the ditch. As the construction of the sewer line progressed it was necessary to cross under and near certain underground sewers, pipes and electrical conduits. As the sewer excavation work continued, it came into the area where the cement covered conduit in question was uncovered from the top. One witness described the conduit in a deposition filed in support of the motion for summary judgment: " * * * Such a conduit is a standard type of envelope which is constructed in the following manner. When electrical cable of substantial voltage is laid in the ground, the electrical cable is placed in the ditch and provision made to elevate it somewhat and prior to covering the ditch cement colored red to indicate electricity is poured into the open ditch. No form is built to receive the cement and no structural steel or tie of any kind or character is used in connection therewith. The purpose of the envelope is to protect the wire and conduit from corrosion from the earth and to warn of the existence of the cable and also to provide a buffer area to prevent strikes by mechanical equipment working in and under the electrical cable, thereby preventing both dangerous shock and damage to the cable." This conduit crossed the path of the progressing excavation at an angle. The plaintiffs decided to burrow under the conduit as their sewer pipe was to be much lower.

A tunnel about six or seven feet in length was completed under this conduit.

By reason of the removal of the dirt under the conduit it was necessary to give it some support. The conduit was supported by laying a telephone pole across the ditch and attaching to the telephone pole a chain going under the envelope. The conduit thus received its support by the chain attachment to the telephone pole. The tunneling was accomplished by hand tools. As the pipe was being prepared to be slipped into the tunnel and under the conduit, the tunnel collapsed. At the same time the sides of the ditch above the tunnel collapsed into the excavation. The collapse of the tunnel and excavation above it caused the cement encased conduit to break and it collapsed into the ditch resulting in damages to the conduit and the cables contained therein. The question thus presented to the trial court and here on appeal was whether or not the collapse hazard exclusion in the policy is applicable to the cement encased conduit?

The policy made the basis of this suit was issued to the plaintiffs by the appellant insurance company and was in full force and effect at the time in question. It contained property damage coverage subject to certain exclusions. The exclusionary endorsement in the policy was printed in fine type taking up about a third of a legal size page. Because of the nature of the language used throughout the exclusionary endorsement, we deem it necessary to refer to the entire endorsement. The specific words in question "any building or structure" are contained in the second paragraph. The entire exclusion is as follows:

"EXCLUSION

(Explosion Hazard, Collapse Hazard, Underground Property Damage Hazard)

It is agreed that the insurance does not apply to property damage included within (1) the explosion hazard, (2) the collapse hazard or (3) the underground property damage hazard. When used in this endorsement:

(1) *'explosion hazard'* includes property damage arising out of blasting or explosion. The explosion hazard does not include property damage (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the named insured by independent contractors, or (3) included within the completed operations hazard or the underground property damage hazard, or (4) for which liability is assumed by the insured under an incidental contract;

(2) *'collapse hazard'* includes 'structural property damage' as defined herein and property damage to any other property at any time resulting therefrom. 'Structural property damage' means the collapse of or structural injury *to any building or structure* due to (1) grading of land, *excavating*, borrowing, filling, back-filling, *tunnelling*, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any *building or structure* or removal or rebuilding of any structural support thereof. The collapse hazard does not include property damage (1) arising out of operations performed for the named insured by independent contractors, or (2) *included within the completed operations hazard or the underground property damage hazard,* or (3) for which liability is assumed by the insured under an incidental contract;

(3) *'underground property damage hazard'* includes underground property damage as defined herein and property damage to any other property at any time resulting therefrom. *'Underground property damage'* means *property damage to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith,* beneath the surface of the ground or water, caused by and occurring during the *use of mechanical equipment* for the pur-

pose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving. The underground property damage hazard does not include property damage (1) arising out of operations performed for the named insured by independent contractors, or (2) included within the completed operations hazard, or (3) for which liability is assumed by the insured under an incidental contract." (Emphasis supplied to portions of this exclusion referred to in this opinion.)

There was no mechanical equipment being used at the time of the collapse. It was undisputed that the exclusion in the "underground property damage hazard" portion of the policy (paragraph number 3) was not applicable. It is the appellant insurance company's contention therefore, that since there is no question that "tunnelling" and "excavation" caused the collapse of the concrete conduit, the court is left to determine whether or not the electrical conduit is a "building or structure" under the "collapse hazard" portion of the policy (paragraph number 2) excluding coverage.

■ The insurance company says that since the word "structure" may mean "building", it is clear that by naming "building" and placing "or" after it, that the meaning of "building" was excluded from "structure". Appellant argues that since the plain and ordinary meaning of "or" is disjunctive, it denotes alternatives as well as mutually exclusive choices and "structure" was placed in the contract to describe something other than "building". Appellees, on the other hand, contend that the words "any building or structure" as used in the exclusion of the insurance policy must be defined to encompass things similar to buildings, such as bridges, towers, large chimneys, oil and gas storage tanks, and like structures. We agree with appellees for several reasons.

■ The relatively specific word "building" when used alone and where it is followed immediately by a more generic word which includes within its meaning the foregoing category "building", the latter general word should necessarily be limited to like things such as buildings. The rule of ejusdem generis requires this result. Ejusdem generis means literally, "of the same kind". The rule is designed to aid in the interpretation of general words which follow a specific word or words and are construed to embrace objects similar in nature. The general word is not to be construed in its broadest sense but is held to apply to things of the same kind or class as specifically mentioned; that is: in a more restricted sense. See Huckabee v. Hansen, 422 S.W. 2d 606 (Tex.Civ.App.-Corpus Christi 1967) and authority cited therein. See also 28 C.J.S. p. 1049.

The Supreme Court of Texas has recognized that:

> "The word 'structure' is often used in a broad sense, often in a restricted sense. The broad definition is that quoted in Favro v. State, 39 Tex.Cr.R. 452, 46 S.W. 932, 73 Am.St.Rep. 950: 'Any production or piece of work artificially built up, or composed of parts joined together in some definite manner; any construction.' In a restricted sense 'structure' means: 'A building of any kind, chiefly a building of some size or of magnificence; an edifice'. 60 C.J. 666." Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506 (1944).

Second, the intent of the parties was not such as would give the word "structure" an all inclusive broad definition. Had the parties intended such a broad exclusion, certainly the insurance company who drew the contract would have included broad descriptive words. It did so in the exclusion "underground property damage hazard" (No. 3 in the policy exclusion) where the appellant specifically excluded damage to "wires", "conduits", "pipes", "mains", "sewers", "tanks", "tunnels", and "similar property" and "any apparatus in connection therewith beneath the surface of the ground". The familiar rule that a contract is to be given its ordinary meaning unless

other provisions indicate a contrary intent of the parties is applicable here. Federal Insurance Company v. Bock, 382 S.W.2d 305 (Tex.Civ.App.-Corpus Christi 1964, n. r. e.).

The insurance company knew how and demonstrated a method of excluding property damage to wires, conduits, tunnels and similar property when it described such property in specific terms in the third exclusion. To now give the broad interpretation to the generic word "structure" as urged by the appellant, would not be following the intent of the parties. The ordinary meaning of the word "structure" when used conjunctively with the word "building", denotes something altogether different than the interpretation sought by the appellant. Even if this word "structure" as used in this contract is susceptible to two reasonable constructions, the rule is that exceptions and words of limitation will be strictly construed against the insurer. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379 (Tex.Sup.1951).

■ Insurance policies are governed by an additional special rule of construction. Under this rule " * * * the insurer may not escape liability merely because his or its interpretation should appear to us a more likely reflection of the intent of the parties than the interpretation urged by the insured. The latter has to be no more than one which is not itself unreasonable. * * *" Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (Tex.Sup. 1953). See also Mang v. Travelers Insurance Co., 412 S.W.2d 672 (Tex.Civ.App.-San Antonio 1967, wr. ref.) and Southern Life and Health Ins. Co. v. Simon, 416 S.W.2d 793 (Tex.Sup.1967).

We hold that the construction urged by the appellees of the exclusion in the insurance policy prepared by the insurance company is not unreasonable.

The judgment of the trial court should be affirmed.

Affirmed.