

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 24, 1975

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-562

Re: Constitutionality of
article 2351a-6, V.T.C.S.,
authorizing rural fire pre-
vention districts to provide
ambulance services.

Dear Mr. Resweber:

You have requested our opinion regarding the constitutionality of article 2351a-6, section 11, subsections 3 and 6, V.T.C.S., which deal with certain powers delegated by the Legislature to rural fire prevention districts.

Article 3, section 48-d of the Texas Constitution permits the Legislature to provide for the establishment and creation of rural fire prevention districts and to authorize a tax upon the ad valorem property located therein not the exceed 3¢ per $100.00 valuation. You ask whether this constitutional provision empowers the Legislature to authorize rural fire prevention districts:

> (3) to enter into contracts with any others, including incorporated cities or towns or other districts where-by fire fighting facilities and fire extinguishment services and/or emergency rescue and ambulance services may be available to the district, upon such terms as the governing body of the district shall determine. The contract may provide for reciprocal operation of services and facilities if the contracting parties find that such operation would be mutually beneficial, and not detrimental to the district.

p. 2527

(6) to lease, own, maintain, operate and provide
emergency ambulance service and all other
necessary and proper equipment therewith for
the prevention of loss of life from fire and other
hazards which may result in serious injuries to
persons.

Initially, we may observe that a strong presumption exists in
favor of the constitutionality of any statute, and that doubts are to be
resolved in favor of constitutionality. Vernon v. State, 406 S. W. 2d
236 (Tex. Civ. App. --Corpus Christi 1966, writ ref'd n. r. e.); Smith
v. Davis, 426 S. W. 2d 827 (Tex. Sup. 1968). Furthermore, the authority
to the Legislature is plenary, and the extent of that authority is limited
only by express or implied limitations therein contained in or necessarily
arising from the Constitution itself. Government Services Ins. Under-
writers v. Jones, 368 S. W. 2d 560 (Tex. Sup. 1963).

Section 48-d does not specify any of the functions of a rural fire
prevention district. It is well established, however, that a grant of
power in the Constitution carries with it by necessary implication the
grant of such additional powers as may be necessary to effectuate the
purpose of the granted power. First National Bank v. Port Arthur,
35 S. W. 2d 258 (Tex. Civ. App. --Beaumont 1931, no writ).

Viewed in this light, we think it is clear that the Legislature
may authorize rural fire prevention districts to contract for the pro-
vision of services and facilities. Since a particular district, because
of a shortage of manpower or funding, might not be able to provide
necessary services without entering into such agreements, this authority
is precisely the kind which might "effectuate the purpose of the granted
power."

Subsection 6 presents a more difficult question, and its resolu-
tion depends upon whether the Legislature could reasonably conclude
that the operation of an emergency ambulance service was a proper
function of a rural fire prevention district. A recent decision upholding
the authority of the City of Corpus Christi to enter into the operation of
a public ambulance service observed that

[t]he institution of an emergency ambulance service
is . . . a service kindred to the police or fire
service.  This type of service is incident to the
police power of the state: i. e. , to protect the health,
safety, and general welfare of its citizens.  Ayala v.
City of Corpus Christi, 507 S. W. 2d 324, 328 (Tex.
Civ. App. --Corpus Christi 1974, no writ hist).

In Attorney General Opinion C-759 (1966), this office ruled that
a hospital district was authorized to establish an emergency ambulance
service.  The relevant statute, article 4494n, V. T. C. S. , provided that
a hospital district might operate "hospital facilities and systems for the
maintenance of hospitals . . . and any and all other facilities and services
the hospital district may require . . . " From this general grant of
power, the Opinion declared, it was reasonable to infer the district's
authority to operate an emergency ambulance service, since such a
service, "while not exclusively a hospital service, is sufficiently related
to the effective and efficient operation of a hospital as to be within the
authority of the Board of Managers of the District to acquire and operate
in carrying out its duties within the District. "

Bearing in mind that'a constitutional provision is to be construed
liberally and in an equitable manner so as to carry out the great principles
of government for the benefit of people. "[ Edwards v. Murphy,  256 S. W.
2d 470 (Tex. Civ. App. --Ft. Worth 1953, writ dismd); Great Southern
Life Ins. Co. v. Austin, 243 S. W. 778 (Tex. Sup. 1922], we cannot say
that it is impermissible for the Legislature  to conclude that the opera-
tion of an emergency ambulance service was a proper function of a
rural fire prevention district and sufficiently related to the effective
operation of the district as to be within its authority.

## SUMMARY

Subsections 3 and 6 of article 2351a-6,section 11,
V. T. C. S. , are constitutional, and as a result, the
Legislature may authorize rural fire prevention

districts to provide emergency ambulance
service and to enter into contracts for the
provision of services and facilities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg