

# The Attorney General of Texas

December 12, 1978

*R68-1954*

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert E. Owen
Coke County Attorney
Robert Lee, Texas 76945

Opinion No. H- 1279

Re: Whether a county located in a hospital district may provide ambulance service.

Dear Mr. Owen:

You ask whether Coke County may provide ambulance service for its citizens. Part of Coke County is included in the West Coke County Hospital District, Acts 1963, 58th Leg., ch. 315, at 825, while the rest of the county is included in the East Coke County Hospital District, Acts 1969, 61st Leg., ch. 444, at 1485. Both hospital districts were created pursuant to article IX, section 9, of the Texas Constitution, which provides in part:

> [A]ny district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants. . . . [A]fter its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district. . . .

Similar language appears in the enabling statutes of each hospital district. See Acts 1969, 61st Leg., ch. 444, § 3, at 1485; Acts 1963, 58th Leg., ch. 315, §§ 2, 19, at 825. You suggest that ambulance service constitutes "medical care" within the Constitution and enabling acts, so that the county may not levy taxes or issue obligations of indebtedness in order to provide it. See Attorney General Opinions H-454, H-367 (1974).

We believe your question has been answered by Attorney General Opinion M-385 (1969). That opinion concluded that the Terry County Hospital District, created under the authority of article IX, section 9, could operate an ambulance service in cooperation with Terry County and a city within the district. It found provision of an ambulance service to be an auxiliary function of a hospital district and determined that a district could undertake it, but did not have the exclusive duty to do so. See Attorney General Opinion C-759 (1966). The operation of an ambulance service by the hospital

district did not preclude a similar undertaking by another political subdivision within the district or the cooperative effort inquired about.

We believe Attorney General Opinion M-385 reached the correct result. See Attorney General Opinion H-976 (1977). More recent authorities support its conclusion by characterizing the provision of ambulance service as not solely a hospital or medical function. In Ayala v. City of Corpus Christi, 507 S.W.2d 324 (Tex. Civ. App. — Corpus Christi 1974, no writ) the court described ambulance service as "kindred to the police or fire service." It stated that this "service is incident to the police power of the state: i.e. to protect the health, safety, and general welfare of its citizens." We relied on the views of the Ayala court in Attorney General Opinion H-562 (1975), which determined that rural fire prevention districts, established pursuant to article 3, section 48d of the Constitution, could be given statutory authority to provide emergency ambulance service. See also Attorney General Opinion M-231 (1968) (operation of emergency ambulance service by firemen).

Consequently, we do not believe that the establishment of hospital districts in Coke County divests the county of its authority to provide ambulance service within the district. See V.T.C.S. art. 4418f; Attorney General Opinions H-976 (1977); M-806 (1971); M-385 (1969); C-772, C-759 (1966).

## S U M M A R Y

A county, wholly included within hospital districts established pursuant to article IX, section 9 of the Texas Constitution, may provide ambulance service.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn